# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00096-CR

Jose A. Jimenez,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2021-1155-C1

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Jose A. Jimenez appeals from convictions of attempted sexual assault and assault. After finding him guilty, the jury assessed punishment for the attempted sexual assault at five years' confinement in the Texas Department of Criminal Justice—Institutional Division, probated for ten years, and it assessed a $500 fine for the assault charge. In his sole issue, Appellant

contends the evidence is legally insufficient to support the convictions. We affirm.

## BACKGROUND

Appellant and the complainant, L.J., were co-workers in the City of Waco's Streets Division. On one Saturday, at the end of the workday, L.J. rode back to the Streets Department with Appellant. He drove to that location but then turned onto a dirt road next to the building. There, L.J. testified, Appellant attempted to sexually assault her in the cab of the truck.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant asserts the evidence is legally insufficient as to both the attempted sexual assault and the assault convictions. He argues that GPS data from the truck conclusively proves that L.J.'s description of the alleged assault, that Appellant parked the truck, moved over the seat toward her, and used both hands to hold her and assault her, is a physical impossibility, rendering the jury verdict irrational. The GPS data, he contends, showed the truck "sustained a specific two-mph speed for two minutes" which would require him to shift the transmission out of park and place his foot on the brake pedal to restrain the speed. Therefore, he argues, "the physical acts [L.J.] described are incompatible with the vehicle movement the GPS recorded."

**Standard of Review**

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony, we defer to those determinations. *Brooks*, 323 S.W.3d at 899. We give deference to the trier of fact's responsibility to fairly resolve conflicts in testimony and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). Each fact need not point directly and independently to

guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13.

**Applicable Law**

A person commits the offense of attempted sexual assault if, with the specific intent to commit the offense of sexual assault, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. TEX. PENAL CODE ANN. § 15.01(a). A person commits the offense of sexual assault if he intentionally or knowingly causes the penetration of the mouth of another person by the sexual organ of the actor without that person's consent. *Id.* § 22.011(a)(1)(B). A person's intent to commit an offense may be inferred from the person's acts, words, and conduct, as well as from the surrounding circumstances. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

A person commits the offense of assault if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX. PENAL CODE ANN. § 22.01(a)(3).

**Discussion**

L.J. normally worked on the crack seal team but at times, including Saturday March 6, 2021, she worked with the asphalt team. Appellant

worked on the asphalt team. L.J. testified that on that day she had to ride to lunch with Appellant and that he paid for her lunch. At the end of the day, she rode back to the Streets Department with Appellant. She knew that neither of them had a key to the gates or the building and they would not be able to get in. She also knew that everyone else was going to fleet services which was at a different location.

She explained that Appellant drove past the main facility and turned on a back road. There was no apparent reason for them to be there. She said he parked the truck, grabbed her by her head, and tried to pull her over for a kiss. She told him "no" multiple times. He tried to put his hand into her shirt and she "smacked" his hands and told him "no." At some point, he exposed his penis. She explained that Appellant "came over the seat." He had her pinned down against the door and put his hand down her pants and touched her vagina with his fingers. Then, he got off her but put his hand at the back of her neck and tried to force her head down toward his exposed penis. He stopped the assault and then drove back to the Streets Department. She testified that "within seconds everything just happened." Although when questioned by defense counsel, she said it happened in a matter of minutes.

All City of Waco public works vehicles are equipped with a GPS system. The State admitted reports showing the location of the truck Appellant drove on March 21 at the time of the alleged assault. The reports identify the truck's location and approximate speed at one-minute intervals at the second it is recorded. Information is recorded one time per minute, like a snapshot. When the report says "on/idle" the engine is running, but the truck is not moving. It says "on/moving" when it is in drive. Based on the speed of the truck, the report shows the alleged assault occurred after 4:47:23 p.m. and before 4:50:24 p.m. At all pertinent times, the report shows the vehicle was "on/moving." The report shows that at 4:48:24 the average speed was two miles per hour while the instantaneous speed was zero, with a maximum speed of seventeen miles per hour. At 4:49:24, the average speed and instantaneous speed were both zero, with a maximum speed of two miles per hour.

Richard Rogers, Streets Division assistant superintendent, testified that the entry of zero could mean the vehicle was creeping or the driver had his foot on the brake. Rogers said that it is possible the truck was never in park during the four minutes when the alleged assault took place.

Waco Police Detective Eric Trojanowski explained that the truck was located on 1st Street, the dirt road behind the Street Department's yard, for

three one-minute intervals. Where the vehicle's speed is listed as zero, the vehicle is stopped and it remained on that dirt road for a period of time. Detective Trojanowski testified that the section of the dirt road where the incident happened was only about 500 feet long. If a person drove twenty-five miles per hour, he would only be on that road for less than thirty seconds. Therefore, Detective Trojanowski testified, "it doesn't add up to being there for three minutes without there being some other thing like stopping the vehicle." He also inspected the truck Appellant drove on March 6 and noted that it has a bench seat and the type of center console that can be lifted up.

Referencing the GPS report, Detective Trojanowski explained that the report contains four entries showing the truck on 1st Street, from 4:47:23 through 4:50:24 p.m. But, it is possible the truck was on 1st Street sometime between 4:46:23, when it was on Steinbeck Bend Road, and when it recorded again at 4:47:23. The report indicates the truck travelled 0.1 mile while on 1st Street. At 4:48:24 the average speed was two miles per hour and the instantaneous speed was zero. He testified that "instantaneous" means "the speed right then." But he did not know how the GPS arrived at the two different speeds.

Appellant contends the GPS data proves L.J.'s version of the events cannot be true. Appellant asserts that L.J. testified that he placed the vehicle in park when the assault began. However, L.J. testified more generally, that they were parked at the time of the assault. The GPS reports show that for a portion of the time of the assault the vehicle's speed was zero. During the entire time they were on 1st Street, the vehicle travelled only 0.1 mile. The jury could have found that L.J. reasonably believed the truck was parked or that she meant the truck was stopped. Alternatively, since the GPS system did not record continuously, the jury could infer that the truck was in park during a portion of the time it was not recording. *See Hooper*, 214 S.W.3d at 13.

Appellant argues that he could not have been using both hands to assault L.J. while also shifting gears from park to drive. The GPS evidence does not show he placed the vehicle in park during the time of the assault. The jury could have found that he kept his foot on the brake and did not shift gears. *See id.*

Appellant asserts that L.J. testified that he climbed over the console resulting in his body being in a position away from the driver's seat, rendering access to the gear shifter physically impossible. The truck they were in has a center console that can be raised up off the bench seat and out

of the way. L.J. did not testify that Appellant climbed over the console. She said he "came over the seat." While Appellant testified that the console was down, the jury was free to disbelieve him. *See Brooks*, 323 S.W.3d at 899. L.J. never testified that Appellant changed gears before or during the assault. The jury could have interpreted her statement that the truck was parked to mean the truck was not moving, but still in drive, and Appellant would not need access to the gear shifter. Again, there is no GPS evidence indicating he ever changed gears while on 1st Street. Not having access to the gear shifter would not be inconsistent with either L.J's testimony or the GPS reports. The jury could have determined that Appellant never changed gears while on 1st Street. *See Hooper*, 214 S.W.3d at 13.

Appellant further argues that if he "was repositioned to the passenger side with both hands occupied in the assault, his foot could not simultaneously remain on the brake pedal." He claims the physical distance is too great. However, there is no evidence showing what that physical distance is, how tall Appellant is, or how far his reach is. The jury was entitled to believe L.J.'s testimony that Appellant reached over from the driver's seat, held her down and attempted to sexually assault her. *See id*.

The jury heard L.J.'s testimony that Appellant took her to a secluded location, physically restrained her, and pulled her head toward his exposed

penis. The jury could infer he intended to cause the penetration of her mouth by his penis. *See* TEX. PENAL CODE ANN. §§ 15.01(a); 22.011(a)(1)(B); *Guevara*, 152 S.W.3d at 50. Thus, Appellant committed an act amounting to more than mere preparation that tends but fails to complete the offense of sexual assault. *See Loge v. State*, 550 S.W.3d 366, 374-75 (Tex. App.— Houston [14th Dist.] 2018, no pet.).

Furthermore, during the time they were alone in the truck, L.J. resisted his advances, told him "no," and slapped his hands. The jury could have determined that Appellant intentionally caused physical contact with L.J. when he should have reasonably believed she would find his actions offensive, thus committing assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(3).

The physical evidence does not, as Appellant asserts, conclusively refute L.J.'s testimony. The jury could have found the essential elements of the offenses of attempted sexual assault and assault beyond a reasonable doubt. *See Isassi*, 330 S.W.3d at 638. We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

Steve Smith
Justice

OPINION DELIVERED and FILED:  June 11, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
CR25

